## 13235

### BRUNSON v. SOUTH CAROLINA CONTINENTAL TELEPHONE CO.

(159 S. E., 913)

*Mr. H. D. Moise,* for appellant,

*Messrs. Lee & Moise,* for respondent,

August 31, 1931.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

In his petition, the appellant in this cause charged that the respondent refused his demand to install in his residence a telephone; and he alleged that he had been damaged by the conduct of the respondent in the sum of $1,000.00. He prayed that "an alternative writ of mandamus" be issued by the Court, directing the respondent to forthwith install a telephone in his residence, and that if the respondent should fail to do so, it should be required to show cause, before his Honor, the late Judge Wilson, at his chambers, at Sumter, on January 8, 1931, or as soon thereafter as counsel could be heard, "why the said order of mandamus should not be issued and made absolute to require the defendant (respondent), to furnish, supply and install a telephone in the residence of the plaintiff petitioner (appellant)."

Judge Wilson issued his order requiring the respondent to install the telephone or show cause why it did not do so, as prayed for in the petition.

In its verified return, the respondent said the appellant, on December 31, 1930, applied for the installation of a telephone in his new residence, just completed, on Charlotte Avenue, in the City of Sumter; that the street on which the residence was located was a new street, only recently opened up, and there were no telephone poles or wires along that street beyond the residence on the corner of Charlotte Avenue and Main Street; that recently, on account of snow and sleet storms, respondent had suffered considerable damages to its wires and poles in the vicinity of Kingstree, Lake City, and Manning, and all its available construction force was, at the time of appellant's application, at work repairing the damaged lines; that the application was made by the

appellant on December 31, 1930, the very day on which appellant moved into his new residence; that the following day, January 1st, was a legal holiday; that this proceeding was commenced on January 2, 1931; that January 4th was Sunday, and the telephone was installed on Tuesday morning, January 6th; and in order to install the telephone, the line had to be extended along the new street.

The appellant traversed the return of the respondent, but it appears no evidence was taken as to the disputed issues.

The matter was heard by Judge Wilson on January 10, 1931, who held the return sufficient and dismissed the proceeding, and required that each of the parties pay their respective costs.

The appellant has three exceptions from the order of Judge Wilson, and therein he complains that there was error in not giving him costs, a judgment for damages, and an allowance of attorney's fees.

According to the terms of the first order, the respondent was required to install the telephone, and if it did not do so, then, and then only, was it to show any cause before Judge Wilson. The respondent very promptly installed the telephone, and there was really no further necessity for the mandamus proceeding before Judge Wilson.

The questions of fact on the verified petition and verified return seem to have been decided favorably to the respondent by the presiding Judge, and there is nothing in the record before us to show that any of these findings were erroneous. In fact, the appellant has not appealed from the dismissal of the mandamus proceeding.

We find no evidence of any damages to the appellant. Under the showing made, we do not think he was entitled to attorney's fees or costs. The telephone company was entitled to a reasonable time, under the existing circumstances, in which to install the telephone, and it was also proper for the Court to allow a reasonable time for such installation, even after the rule to show cause was issued.

*State v. Telephone Co.,* 61 S. C., 83, 39 S. E., 257, 55 L. R. A., 139, 85 Am. St. Rep., 870.

We find no error in the order of Judge Wilson, and it is affirmed.

MESSRS. JUSTICES COTHRAN, STABLER, CARTER and BONHAM concur.